# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| **JOHNATHON GRANGER** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civ. No. 2:12-cv-02890-STA-tmp |
| | ) | Cr. No. 2:09-cr-20113-STA-1 |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

Before the Court is Johnathon Granger's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion"), filed October 9, 2012. (ECF No. 1). Granger, Bureau of Prisons register number 22854-076, an inmate at the United States Penitentiary in Pollock, Louisiana, "asks that his case/conviction/sentence be vacated and remanded as well as voided for violations to his rights under the Federal constitution which were violated." (*Id.*). The United States responded to the Motion on March 21, 2013. (ECF No. 6). For the reasons stated below, Granger's Motion is **DENIED**.

## BACKGROUND

On March 24, 2009, a grand jury charged Granger in a single count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Redacted Indictment, *United States v. Granger*, 2:09-cr-20113-STA-1 (W.D. Tenn.), (ECF No. 1). Granger entered a plea of not guilty on April 15, 2009. (ECF No. 12). On October 7, 2009, Granger entered into a negotiated plea agreement with the United States. (ECF Nos. 25, 26). Granger agreed "that he is pleading guilty because he is in fact guilty of the offenses charged in COUNT ONE of the

1

indictment." (ECF No. 26). The Court held a plea colloquy, and the Court accepted Granger's guilty plea. (ECF No. 27). On February 26, 2010, the Court sentenced Granger to 198 months incarceration and 4 years supervised release. (ECF No. 39). The Court entered judgment on March 3, 2010. (ECF No. 39).

Although he does not state the date on which he deposited the paper in the prison's internal mailing system,[1] Granger signed his § 2255 Motion on October 3, 2012. The Motion was then filed with the Court on October 9, 2015. Granger's § 2255 Motion asserts five grounds for relief: (1) improper use of prior juvenile convictions to enhance his sentence; (2) failure of counsel to file a notice of appeal; (3) ineffective assistance of counsel; (4) violation of due process of law; and (5) another claim of ineffective assistance of counsel. Taken together, Granger asserts ineffective assistance of counsel for his counsel's failure to file an appeal, failure to challenge the Presentence Report calculations, failure to establish Granger's innocence, for coercing Granger to accept a "bogus plea offer," and for failing to file "necessary motions." Granger's § 2255 motion, however, is time-barred.

## DISCUSSION

**I. Statute of Limitations and Equitable Tolling**

In its Answer, the United States argues that Granger's § 2255 Motion is time-barred. Section 2255 imposes a one-year period of limitation, which runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] *See* Rule 3(d) of Rules Governing Section 2255 Proceedings.

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[2]

When a criminal defendant does not take a direct appeal, "an unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment, at least where the defendant has not actually sought an extension of appeal time for good cause or excusable neglect."[3] Granger did not take a direct appeal; therefore, his conviction became final March 13, 2010—ten days after the entry of judgment. The period of limitation ran from that date until March 13, 2011. Even assuming that Granger deposited his § 2255 Motion in the prison's mail system on the day that he declared the information in his Motion true—October 3, 2012—his Motion is nearly a year and a half late. Granger does not allege that subsections (2), (3), or (4) apply to his claims.[4]

In his Motion, Granger offers an explanation for late filing. He states that he believed that his attorney had filed a notice of appeal and that he should await a decision from the Court of Appeals. He goes on:

> The petitioner has <u>just</u> been made aware that after his immediate request to his counsel (Tyrone Jemal Paylor) to submit and file a

---

[2] 28 U.S.C. § 2255(f).

[3] *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).

[4] The Court's analysis of equitable tolling below applies to an argument—not raised—that 28 U.S.C. § 2255(f)(4) should start the statute of limitations in his case. He "discovered" the facts the day after his sentencing, and he did not file an appeal. He did not exercise due diligence in pursuing his claims. If Granger seeks tolling under 28 U.S.C. § 2255(f) based on a claim of actual innocence, he has presented no new reliable evidence of his innocence. He only asserts that the crime to which he pleaded guilty was "something [he] did not do at all." § 2255 Mot. 5, ECF No. 1.

> notice of appeal in his (Granger) behalf, right after <u>sentencing</u>, has been voided and no notice of appeal was taken or submitted by said attorney. The petitioner was made aware of this when he ordered a copy of the docket sheet to his case, dated August 16th, 2012.
>
> The petitioner was under the impression prior to August 16th, 2012 that counsel was handling his appeal and that he had to wait patiently for the court of appeals to bring forth an answer. But, now petitioner is aware that his attorney never filed any such appeal notice. Therefore petitioner is aware that his attorney never filed any such appeal notice. Therefore petitioner brings on the instant motion pursuant to § 2255 arguing what he expected his attorney to argue on appeal and hereby showing how and why his counsel was ineffective as well.[5]

Granger also attached a letter, dated February 27, 2010—the day after his sentencing—which purportedly directs Granger's attorney to file a notice of appeal "in regards to [his] sentencing" because he "[doesn't] believe the outcome was fair."[6]

Although Granger does not specifically mention the doctrine, he seems to argue that equitable tolling should apply to the claims in his § 2255 Motion. Equitable tolling is applied sparingly.[7] The limitations period for § 2255 may be subject to equitable tolling if Granger shows that (1) he was pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.[8] Granger's only suggestion that he diligently pursued his rights is that he sent a letter to his attorney on February 27, 2010, requesting the attorney to file an appeal. He then waited over two and a half years, receiving no correspondence from his attorney or any court. Finally, on August 8, 2012, he wrote a letter to

---

[5] Motion Under 28 U.S.C. § 2255 at 2, ECF No. 1.

[6] *See* Letter, Ex. A10 to § 2255 Mot., ECF No. 1-1.

[7] *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

[8] *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (citing *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011)).

the Clerk of Court seeking a docket sheet in his case so that he could "prepare to petition this honorable court, by way of motion." Although Granger asserts that he was awaiting some decision of the Sixth Circuit, he presents no facts suggesting why he was prevented from inquiring as to the status of his case for over two years. From the time he allegedly sent the February 27 letter to the time he requested a docket sheet from the Clerk of Court before filing the instant Motion, he does not allege that he attempted to contact the Sixth Circuit, this Court, or the attorney he believed would file an appeal of his sentence even after Granger waived his right to appeal.

Moreover, it was not reasonable in the first place for Granger to believe that his counsel would file an appeal in his matter. Thus, his failure to pursue his rights cannot be excused. Granger's signed plea agreement states that he

> understands that Title 18, United States Code, Section 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, defendant knowingly and voluntarily waives his right to appeal the sentence imposed by the Court. This waiver is made in exchange for the concessions made by the United States in this Plea Agreement. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.[9]

Granger then testified at his plea colloquy that he was satisfied and understood the terms and conditions of his plea agreement, including the waiver of his right to appeal the sentence, and that he had signed the plea agreement freely and voluntarily.[10] He also stated that he was

---

[9] Plea Agreement 4, *United States v. Granger*, No. 2:09-cr-20113-STA-1 (W.D. Tenn. Oct. 7, 2009), ECF No. 26.

[10] Tr. of Change of Plea 12:15–14:13, *id.*, ECF No. 42 (answering that waiving his right to appeal meant "that I can't go back and appeal the case because I already gave up my rights").

satisfied with his attorney's representation.[11] The letter Granger allegedly sent to his counsel does not reference prosecutorial misconduct or ineffective assistance of counsel, stating only that he did not believe that his sentencing was fair. But Granger waived his appeal. Granger failed to diligently pursue his rights, and he has not shown an extraordinary circumstance that stood in his way to prevent timely filing of his § 2255 Motion.

## II. Appeal Issues

The district court must evaluate the appealability of its decision denying a § 2255 motion and issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."[12] No § 2255 movant may appeal without this certificate, which must indicate the specific issue(s) that satisfy the required showing.[13] A movant makes a "substantial showing" when he demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[14] A certificate of appealability does not require a showing that the appeal will succeed,[15] but courts should not issue a certificate as a matter of course.[16] Granger's § 2255 Motion is clearly time-barred, and he is not entitled to equitable tolling. Therefore, the Court DENIES a certificate of appealability.

---

[11] *Id.* 4:19–5:4.

[12] 28 U.S.C. § 2253(a), (c)(2); *see also* Fed. R. App. P. 22(b).

[13] 28 U.S.C. § 2253(c)(2)–(3).

[14] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[15] *Miller-El*, 537 U.S. at 337.

[16] *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

The Prison Litigation Reform Act of 1994 does not apply to appeals of orders denying § 2255 motions.[17] Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status in accordance with Federal Rule of Appellate Procedure 24(a).[18] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[19] But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[20] In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, in accordance with Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[21]

## CONCLUSION

Granger's § 2255 Motion is time-barred by 28 U.S.C. § 2255(f)(1). He is not entitled to equitable tolling because he did not diligently pursue his rights and because no extraordinary circumstance stood in the way to prevent timely filing. The letter Granger allegedly sent to his

---

[17] *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

[18] *Id.* at 952.

[19] Fed. R. App. P. 24(a)(1).

[20] *See* Fed. R. App. P. 24(a)(4)–(5).

[21] If the Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.

7

counsel was followed by two and a half years of inaction, even while Granger knew that he had freely and voluntarily waived his right to appeal. Granger's § 2255 Motion is **DENIED**.

    **IT IS SO ORDERED.**

                                                                   **s/ S. Thomas Anderson**
                                                                  HON. S. THOMAS ANDERSON
                                                                  UNITED STATES DISTRICT COURT

                                                                  Date:   August 3, 2015.